

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GISELLE BURAYE,<br><br>Defendant. | Case No.  CR 24-0047-FMO<br><br>ORDER OF DETENTION |

I.

On January 24, 2024, Defendant made her initial appearance on the indictment filed in this matter. Deputy Federal Public Defender Claire Kennedy was appointed to represent Defendant. The government was represented by Assistant United States Attorney Miri Song. A detention hearing was held.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments of counsel,

and the report and recommendation of the U.S. Pretrial Services Agency, issued on November 15, 2023 (at Defendant's initial appearance) and on November 20, 2023, at the detention hearing.

### IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ allegations in the indictment include Defendant's involvement in a conspiracy to possess with intent to distribute, and possession with intent to distribute fentanyl, cocaine and methamphetamine.
- ☒ History of travel to Mexico
- ☒ Defendant is alleged to have continued to sell and market narcotics in social media posts following the time frame alleged in the indictment.
- ☒ Defendant was reportedly on probation during the alleged offense conduct.
- ☒ Insufficient bond resources
- ☒ Unrebutted Presumption.

As to danger to the community:

- ☒ allegations in the indictment (see above)
- ☒ execution of search warrant at Defendant's residence resulted in seizure of firearms with ammunition, $6,000 in cash, and narcotics.
- ☒ criminal history includes conviction for theft from elder person/dependent.
- ☒ Unrebutted Presumption.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: January 24, 2024

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE